UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIAM LOWTHER,

         Plaintiff,                         Case No. 1:19-cv-944

v.                                                Honorable Janet T. Neff

CORIZON HEALTH SERVICES et al.,

         Defendants.
_____/

## OPINION

This is a civil rights action brought by a former state prisoner who is currently on parole under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently a participant in the Kalamazoo Probation Enhancement Program in Kalamazoo, Michigan. The events about which he complains, however, occurred at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. Plaintiff

sues Corizon Health Services, Registered Nurse Henry Fenrick, Health Unit Manager Janet Campbell, Registered Nurse Unknown Party #1, and Radiologist Unknown Party #2.

Plaintiff alleges that on February 20, 2019, he was seen by Unknown Party #1 for complaints of abdominal pain, constipation, and three lumps on his groin. Unknown Party #1 told Plaintiff that his rectal exam was unremarkable, but confirmed the lumps in Plaintiff's groin. No treatment was provided. Plaintiff filed a grievance on February 22, 2019, stating that he was being denied proper medical care. Plaintiff received a response from Defendant Fenrick on April 17, 2019, which denied Plaintiff's grievance based on the medical record. Plaintiff was unable to exhaust his administrative remedies because he was paroled shortly thereafter.[1]

Plaintiff states that the lumps in his groin continue to cause him discomfort. Plaintiff claims that Defendants' failure to provide him treatment for the lumps violated his rights under the Eighth Amendment. Plaintiff seeks damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

---

[1] According to the MDOC's Offender Tracking Information System, Plaintiff began his parole on May 29, 2019. *See* http://mdocweb.state mi.us/OTIS2/otis2profile.aspx?mdocNumber=786610.

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately

indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

As noted above, Plaintiff alleges that he has three lumps in his groin, which were noted by Defendant Unknown Party #1 on February 20, 2019. Plaintiff's grievance regarding the

4

lack of treatment was denied based on Plaintiff's medical record. Plaintiff fails to allege any additional facts regarding his condition, or to state what "treatment" he believes he should have received. The facts, as alleged by Plaintiff, fail to establish that he was suffering from a serious medical condition that required treatment. Nor does Plaintiff allege facts showing that Defendants were deliberately indifferent to a serious medical condition. Plaintiff was released from prison and began his parole on May 29, 2019. However, it does not appear as if Plaintiff has sought treatment for his condition or that he is suffering anything other than "discomfort" from the lumps. The Court concludes that Defendants' conduct does not rise to the level of an Eighth Amendment violation.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

A judgment consistent with this opinion will be entered.


Dated: January 8, 2020              /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge